UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

ADL EL-SHABAZZ, a/k/a
A.C. Ford,

Petitioner,

v.

JAMES BRUTON,

Respondent.

Civil File No. 00-1451 (DSD/JGL)

**REPORT AND RECOMMENDATION**

THIS MATTER is before the undersigned United States Magistrate Judge on Petitioner's application for habeas corpus relief under 28 U.S.C. § 2254. (Docket No. 1.) These proceedings have been referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1(c). For the reasons stated below, it is recommended that the petition be summarily dismissed, with prejudice, pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[1]

## I. BACKGROUND

On June 24, 1993, a Hennepin County jury found Petitioner guilty of first degree murder and attempted first degree murder. He was sentenced to life in prison, plus twenty years, and he is presently serving his sentence at the Minnesota Correctional Facility, Oak Park Heights, Minnesota. (Petition, [Docket No. 1], p. (2), ¶s 1-6.)

---

[1] The applicable language in Rule 4 provides as follows:

"If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified."

FILED 6-20-00
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

Following his conviction, Petitioner filed a direct appeal with the Minnesota Supreme Court.[2] He raised a number of claims -- including prosecutorial misconduct, insufficiency of the evidence, improper admission of evidence, and "use of an anonymous jury" -- all of which were rejected by the Supreme Court. State v. Ford, 539 N.W.2d 214 (Minn. 1995). Petitioner sought further review of his conviction in the U.S. Supreme Court, but his petition for writ of certiorari was denied on April 1, 1996. Ford v. Minnesota, 517 U.S. 1125 (1996).

In "approximately March, 1997," Petitioner filed a motion for post-conviction relief in the trial court. (Supplemental Petition, [Docket No. 2], p. 2, ¶ 3.) That motion included claims of "ineffective assistance of counsel, judicial bias, recanting of testimony by an eyewitness, police misconduct, Brady violations, and other due process violations." (Id.) Petitioner's post-conviction motion was denied, and he again appealed to the State Supreme Court. That appeal was dismissed on May 13, 1998, (although Petitioner did not learn of the Supreme Court's ruling until May 21, 1998). (Id.)

Petitioner later filed a second post-conviction motion, this time claiming "prosecutorial misconduct, ineffective counsel, police misconduct, newly discovered evidence, no African American on jury, judicial bias, ineffective appellate counsel, [and] witholding [sic] evidence by prosecutor." (Petition, p. (4), ¶ 11.(b)(3).) The second post-conviction was denied on August 30, 1999, (id., ¶ 11.(b)(4)), and Petitioner once again attempted to appeal to the Minnesota Supreme Court. That appeal was summarily

---

[2] Under Minnesota law, appeals in first degree murder cases are taken directly to the State Supreme Court, rather than the Minnesota Court of Appeals. Minn.Stat. § 632.14.

dismissed on January 6, 2000, apparently due to procedural defects.[3]

It appears that Petitioner made no further effort to challenge his conviction until he filed his current application for federal habeas corpus relief on June 13, 2000. The instant petition lists six grounds for relief: (1) prosecutorial misconduct, (2) judicial bias, (3) "anonymous jury," (4) discriminatory selection of jury pool, (5) false testimony by police, and (6) insufficient evidence. (Petition, pp. (5)-(7), ¶12.) None of these claims will be addressed on the merits, however, because Petitioner's habeas corpus application is clearly time-barred.

## II. DISCUSSION

On April 24, 1996, President Clinton signed the Anti-terrorism and Effective Death Penalty Act ("AEDPA"), which effected significant changes in the federal habeas corpus statutes. One of those changes appears at 28 U.S.C. § 2244(d), which establishes a one-year statute of limitations for habeas corpus petitions filed by state prisoners seeking federal court review of a conviction or sentence. This new statute provides that:

> "**(d)(1)** A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for

---

[3] The Supreme Court's order of January 6, 2000, is attached to a submission entitled "Motion To Correct Court Error On Record." (Docket No. 6.) The text of the order reads as follows:

> "On November 3, 1999, this court issued an order allowing appellant 30 days from October 29, 1999, to take certain steps to perfect an appeal in compliance with Minn. R. Crim. P. 29.03. [¶] It now appears that appellant has not complied with the November 3, 1999, order, [¶] IT IS HEREBY ORDERED that the above-entitled matter is dismissed."

> seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> **(d)(2)** The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

In this case, Petitioner's conviction became final on direct review on April 1, 1996 -- the date when the U.S. Supreme Court denied his petition for a writ of certiorari. Smith v. Bowersox, 159 F.3d 345, 348 (8th Cir. 1998), ("the running of the statute of limitations imposed by § 2244(d)(1)(A) is triggered by either (i) the conclusion of all direct criminal appeals in the state system, followed by either the completion or denial of certiorari proceedings before the United States Supreme Court; or (ii) if certiorari was not sought, then by the conclusion of all direct criminal appeals in the state system followed by the expiration of the time allotted for filing a petition for the writ"), cert. denied, 119 S.Ct. 1133 (1999).[4] The Eighth Circuit Court of Appeals has held, however, that the statute of

---

[4] There is nothing on the face of the petition to suggest that clauses (B), (C) or (D) of § 2244(d)(1) would have any applicability in this case. In other words, there is no suggestion that the State created any impediment that prevented Petitioner from seeking federal habeas relief within the prescribed one-year limitation period, nor is there any suggestion that Petitioner's claims are based on any newly-recognized constitutional right or any new evidence that could not have been discovered in time to file a timely petition.

limitations set forth at § 2244(d)(1) never begins to run any earlier than the date when the statute was enacted -- April 24, 1996. Nichols v. Bowersox, 172 F.3d 1068, 1073 (8th Cir. 1999); see also, Ford v. Bowersox, 178 F.3d 522, 523 (8th Cir. 1999). Applying that rule here, the Court concludes that the statute of limitations did not actually began to run in this case until April 24, 1996.

The statute of limitations continued to run from that date, (April 24, 1996), until March, 1997, when it was tolled, pursuant to § 2244(d)(2), by the filing of Petitioner's first post-conviction motion. If Petitioner filed his post-conviction motion on March 1, 1997, then the statute of limitations ran for 310 days between April 25, 1996, and March 1, 1997.[5] The statute remained tolled until May 13, 1998, when the Minnesota Supreme Court dismissed Petitioner's appeal in the first post-conviction proceedings.[6]

Following the Supreme Court's dismissal of the appeal in the first post-conviction proceedings, the § 2244(d) statute of limitations began to run again, and it continued to run until Petitioner filed his second post-conviction motion. Unfortunately, Petitioner's submissions do not seem to indicate when the second motion was filed, so it cannot be

---

[5] It will be recalled that Petitioner has represented that he filed his first post-conviction motion "in approximately March, 1997." The Court has attempted to give Petitioner the benefit of an early filing date by assuming that he file his post-conviction motion on the first day of March 1997. However, even if the motion was actually filed several weeks (or even months) before March 1, 1997, the instant petition still would be untimely, for reasons that will be discussed hereafter. Of course, if the first post-conviction motion was filed at any time after March 1, 1997, then the statute of limitations was running for even more than 310 days after April 24, 1996.

[6] Petitioner claims that he was not aware of the Supreme Court's decision until May 21, 1998 – eight days after it was handed down. That eight-day delay is inconsequential here, however, because the instant habeas corpus petition was filed much more than eight days too late, (as will be seen below).

determined exactly how long the statute was running between the conclusion of the first post-conviction proceedings and the commencement of the second such proceedings. For present purposes, however, the Court will give Petitioner the benefit of an extremely benign assumption – namely that his second post-conviction motion was filed the day after the Supreme Court entered its final dismissal order in the first post-conviction proceedings. In other words, the Court will assume (for present purposes only) that there was no gap between the first and second post-conviction proceedings, and that the § 2244(d)(1) statute of limitations was tolled continuously from the date when Petitioner filed his first post-conviction motion (in March 1997), until January 6, 2000 – the date when the Minnesota Supreme Court dismissed the appeal in the second post-conviction proceedings.

The statute of limitations clearly did start to run again on January 6, 2000, and it continued to run from that date until June 12, 2000 – the date when Petitioner signed his current habeas corpus petition.[7] Thus, the statute of limitations ran for an additional 157 days during the period of January 6, 2000, to June 12, 2000. Altogether then, the statute of limitations was running for a total of at least 467 days – 310 days between April 26,

---

[7] Because Petitioner is entitled to the so-called "mail-box rule," (Nichols, 172 F.3d at 1077), his current petition is deemed to be filed on the date when he gave it to prison officials for delivery to the Court, rather than the date when it was actually received and filed by the Clerk. The petition is dated June 12, 2000, and that obviously is the earliest date when Petitioner could have given it to prison officials for mailing. Therefore, for purposes of § 2244(d), the present petition was filed – and the statute of limitations stopped running – on June 12, 2000.

1996 and March 1, 1997, plus 157 days between January 6, 2000, and June 12, 2000.[8]

Needless to say, the 467 days that the statute of limitations was running in this case far exceeds the one-year (365-day) limitation period prescribed by § 2244(d). The instant petition was filed at least 102 days too late. It will therefore be recommended that the petition be summarily dismissed due to untimeliness. Because Petitioner is no longer eligible for federal habeas corpus relief, it will be further recommended that the petition be dismissed with prejudice.

Finally, because his habeas corpus petition must be dismissed, Petitioner's application for leave to proceed in forma pauperis, (IFP), (Docket No. 2), will be denied. See Kruger v. Erickson, 77 F.3d 1071, 1074, n. 3 (8th Cir. 1996) (per curiam) (IFP application should be denied where habeas petition cannot be entertained).

## III. RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED that**:

1. Petitioner's "Application To Proceed Without Prepayment Of Fees And Affidavit," (Docket No. 2), be **DENIED**; and

---

[8] Again, this calculation assumes that the statute of limitations did not run at all between the first and second state post-conviction proceedings. If there was any gap between those two proceedings, the days of that gap would have to be added to the calculation.

2. The petition for writ of habeas corpus, (Docket No. 1), be **DISMISSED WITH PREJUDICE**.

Dated: June 20, 2000

JONATHAN LEBEDOFF
United States Magistrate Judge

Under D.Minn. LR 72.1(c)(2) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by July 10, 2000, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.