UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 00-1451 (DSD/JGL)

Adl El-Shabazz, f/k/a
A.C. Ford,

Petitioner,

v. **ORDER**

James Bruton,

Respondent.

Adl El-Shabazz, MCF, Oak Park Heights, 5329 Osgood Avenue North, Stillwater, MN 55082, *pro se*.

Amy J. Klobuchar, Hennepin County Attorney, C-2000 Government Center, 300 South Sixth Street, Minneapolis, MN 55487, counsel for Respondent.

This matter is before the court on petitioner's objections to Magistrate Judge Jonathan Lebedoff's report and recommendation dated June 20, 2000. In his report, the magistrate judge recommended that: (1) petitioner's application for habeas corpus relief under 28 U.S.C. § 2254 be summarily dismissed with prejudice as time-barred; and (2) petitioner's request for leave to proceed in forma pauperis be denied. Petitioner objects, contending that any delays in the filing of his petition were due to lack of legal advice or the actions of others.

Petitioner provides no factual support for his claims and the court rejects his general attempt to defer to others his own

FILED AUG 2000
FRANCIS E. DOSAL, CLERK
Judgment Ent'd.
Deputy Clerk's Initials

responsibility for complying with the statute of limitations requirements of the federal habeas corpus statute. See 28 U.S.C. § 2244(d). Moreover, as the magistrate judge's report fully discussed, even under a highly generous tolling calculation petitioner's application is indisputably time-barred under the one-year statute of limitations prescribed by the Anti-Terrorism and Effective Death Penalty Act. Therefore, petitioner's application for habeas corpus relief is properly denied. In addition, petitioner' in forma pauperis application is denied as moot.

After conducting a de novo review of the file and record, the court adopts the magistrate judge's report and recommendation.

Accordingly, **IT IS HEREBY ORDERED** that:

1. Petitioner's application for writ of habeas corpus [Docket No. 1] is dismissed with prejudice.

2. Petitioner's application to proceed without prepayment of fees [Docket No. 5] is denied as moot.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: August 24, 2000

David S. Doty, Judge
United States District Court

# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

### Prehearing Conference Program

The United States Court of Appeals for the Eighth Circuit has established an early intervention Prehearing Conference Program. The purpose of the program is twofold: (1) to facilitate settlement discussions in civil cases by providing an impartial atmosphere for an open discussion of the case and alternative methods of disposition and (2) to promote the delineation of issues, early resolution of procedural problems, and effective administration of an appeal throughout the appellate process. See 8th Cir. R. 33A.

The program is directed by Mr. John Martin. Mr. Martin screens newly filed appeals based on information furnished by both appellants and appellees in the court's Appeal Information Forms A and B. Contact with counsel is by telephone and in personal conferences held in several cities throughout the Circuit. All communications with Mr. Martin are confidential. Counsel can openly discuss and evaluate the issues and explore alternatives in a non-adversarial setting without fear that the subsequent processing of the appeal or ultimate disposition of the case will be adversely affected by participation in the program.

Participation in the program is voluntary. However, the Court strongly encourages your participation and cooperation. Over the past twenty years, the program has enabled many appellate litigants to achieve mutually satisfactory resolution of certain issues or an overall settlement prior to progressing through all stages of the appellate process. Issue delineation enables counsel to focus only on those issues that need judicial resolution. The program has helped relieve the ever-increasing caseload confronting the Court, and it has also saved litigants and attorneys substantial amounts of time and money.

In order for the program to function effectively certain information must be provided at the initiation of the appeal. *Eighth Circuit Rule 3B directs each civil appellant to: (1) file a completed Appeal Information Form A with the Notice of Appeal at the time the Notice is filed with the District Court clerk and (2) forward a copy of the completed Form A and a copy of Appeal Information Form B to the appellee for completion.* Appellee may complete Form B and send it to the clerk of the Court of Appeals. If you have any questions about the Prehearing Conference Program or the Appeal Information Forms, please contact Mr. Martin at (314)-539-3669.

Forms A and B are available from the District Court clerk and the Court of Appeals clerk and can be found at the Court of Appeals' web site at: www.ca8.uscourts.gov

*June 1, 2000*

Forms/8thcircuitprehearingconf.wpd

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

## CIVIL NOTICE

**DATE MAILED TO COUNSEL/PRO SE PARTIES:**

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

***This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.***

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.